IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 23-16 |
| BHASKAR SAVANI, *et al.*, | : |

GOVERNMENT'S RESPONSE TO
BHASKAR SAVANI'S MOTION TO CONTINUE TRIAL

    The United States of America, by and through its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, Anthony D. Scicchitano, Paul G. Shapiro, and J. Andrew Jenemann, Assistant United States Attorneys, responds to defendant Bhaskar Savani's motion for a continuance of the trial (ECF N0. 540) and defendant Arun Savani's response to that motion (ECF No. 541), and states as follows:

    1.    On January 18, 2023, a federal grand jury returned a 42-count indictment charging 12 defendants with a variety of crimes, including an obstruction of justice conspiracy, in violation of 18 U.S.C. § 371; RICO conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to commit visa fraud and visa fraud, in violation of 18 U.S.C. §§ 371 and 1546; conspiracy to commit health care fraud and health care fraud, in violation of 18 U.S.C. §§ 1349 and 1347; conspiracy to commit money laundering and money laundering, in violation of 18 U.S.C. §§ 1956 and 1957; a tax fraud conspiracy and a tax wire fraud scheme, in violation of 18 U.S.C. §§ 371 and 1343; and conspiracy to distribute an adulterated and misbranded dental device in interstate commerce, in violation of 18 U.S.C. § 371.

    2.    On February 7, 2023, the Court designated the matter as complex, and ordered that the ends of justice would be served by setting a trial date beyond the time limits established by the Speedy Trial Act. (ECF No. 148). One of the bases for this determination was the

contemplated volume and complexity of the discovery and the defendants' corresponding need for additional time to review the voluminous information to be provided.

3. Under the present schedule, jury selection is due to begin on September 8, 2025, with opening arguments scheduled for September 11 and testimony to begin on September 15, 2025.

4. On August 1, 2025, defendant Bhaskar Savani filed a motion to continue the trial, with which several of his co-defendants concurred (ECF No. 540). That same day, defendant Arun Savani filed a response that, while it did not join Bhaskar's Savani's motion, not only did not oppose that motion, but agreed that circumstances beyond counsel's control had prevented counsel from adequately preparing for trial (ECF No. 541). The government fully agrees that a continuance is warranted on the facts of this case. Indeed, the government believes that both its, and the defendants', ability to fully and fairly try this case warrant a continuance of the current trial date.

5. While the government joins the defendant's motion to continue the trial date and exclude the intervening time under the Speedy Trial Act, and while the government believes that there exist grounds to establish that the ends of justice support the requests, for the reasons that follow, it disagrees with some of the justifications offered by defendants Bhaskar and Arun Savani.

6. As a first justification, Bhaskar Savani discussed a related matter. Motion, ECF No. 540, ¶¶ 3-6. His assertions are not accurate. The government will discuss them at greater length in a sealed filing.

7. As his second justification, the defendant asserted that the government's recent motion to correct the indictment "necessitates a recalibration of the defense strategy, the

identification and preparation of new or additional expert witnesses, and the presentation of a more comprehensive defense case." Motion, ECF No. 540, ¶ 8. The defendant supplements that in his memorandum, explaining that the correction of the indictment would require counsel to "craft a more robust trial strategy to reflect the materially increased stakes of a felony charge." *Id.* at p.7.

8. Even without correction, Bhaskar Savani faces an indictment that carries a maximum statutory term of more than 450 years of imprisonment. The government's correction, to which no defendant has filed opposition, would add a total of 4 years, or less than one percent, to this existing maximum. It would not alter the sentencing guidelines calculation at all. Moreover, as explained in the government's motion, the elements required for a felony have always been pleaded in the indictment. Thus, the trial stakes have not been "materially increased," the issues at trial would not in any way be altered, and it is hard to imagine how or why the proposed change would impel counsel to formulate a "a more robust trial strategy."

9. As a third justification, the defendants assert that the government's restraint of assets has hindered the defense's ability to prepare for trial. ECF No. 540, ¶ 9; ECF No. 541. The government, however, has entirely released assets worth at least several million dollars. To the extent that more is required, the defendants bear the burden of making the necessary threshold showing. Their failure to do so to date is not attributable to the government but to their own strategic choices. In any event, having entered their appearances, counsel's professional obligations do not hinge on the liquidity of their clients.

10. Bhaskar Savani does accurately note that the government's discovery has continued through the present time and that the government contemplates further productions in the near future. It is not unusual for the government to provide defense counsel with periodic

discovery updates and supplements, particularly in cases that cover as long a time period and as many subject matters as this one, and in which discovery is as complex and extensive as it is here.

11.     To date the government has released ten waves of discovery, comprising 2.5 terabytes (equating to about a minimum of a million and a half documents). This has included agent reports from at least ten agencies, search warrant documents, third party subpoena returns, grand jury transcripts and exhibits, open source documents, and documents and items provided by cooperators.

12.     That said, the government's continuing discovery productions have been more substantial than one would expect. In part this reflects the fact that the government's lead counsel are all new to the case, prior counsel having left government service. This discontinuity in personnel, particularly given the other demands of trial preparation, has hindered the smooth production of supplemental discovery.

13.     At the same time, the turnover in personnel, which has been mirrored in staffing changes among the case agents and analysts, has impaired the government's ability to fully, effectively, and efficiently prepare its case – currently involving seven defendants – for trial. As the Speedy Trial Act recognizes, the interests of justice warrant granting a continuance where the failure to do so would deny any party continuity of counsel or would deny any party's counsel "the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Here, the fact that the government's lead counsel are all relatively new to the case, means that these conditions are met and that the interests of justice warrant granting a continuance.

14.     The same reasoning applies to counsel for the defendants. The sheer volume of discovery already produced in this case, the amount of additional discovery that has been

provided recently, and the discovery that will be provided shortly, means that defense counsel also need more time to assimilate the evidence so that they are prepared to meet the government's proofs at trial.

15. Thus, the government agrees with defendant Bhaskar Savani that the status of discovery production warrants a continuance until all counsel have had a full and fair opportunity to prepare for trial.

16. In addition to that basis, the government intends to advise the Court of a developing issue that it believes will require additional time for the Court to address. The government has formed an independent team of prosecutors to review an occurrence that recently came to the attention of the trial team. Although the details of the event and the review have not been shared with the trial team, the government believes that the review team will be making a disclosure to the Court and defense counsel within the next several weeks. As we understand it, the government's discovery productions in this case have proceeded on two parallel tracks. Unfiltered materials were provided to the defense in order to avoid inadvertent suppression of potentially discoverable material. At the same time, that same material was to be filtered before being made available to agents and prosecutors on the trial team. Some number of unfiltered documents (*i.e.* potentially privileged) were inadvertently released into the investigative database accessible to the trial team. The review team is evaluating the extent of this incident and preparing a report for the Court. A continuance would allow the Court, defense counsel, and the review team to assess the nature, scope, and effect of this event.

17. A few of the defendants have indicated opposition to defendant Bhaskar Savani's motion for continuance. The government believes that their disagreement is not well taken. While the case has been on the Court's docket for two and one-half years, given the number of

defendants who remain to be tried, currently seven; given the scope of the criminal conduct alleged in the indictment, ranging from RICO, to visa fraud, health care fraud, tax fraud, and the illegal implantation of unapproved medical devices; given that the criminal conduct was carried out over more than a decade; and given the volume and complexity of the discovery production, further time for pretrial preparation is neither unusual nor surprising. The Court, moreover, has shown sensitivity to the defendants' desires to carry on with their lives during the pretrial period, frequently adjusting bail conditions to accommodate particular exigencies. Under such circumstances, neither a rush to trial, nor multiple trials of the same lengthy and complex case, would advance the interests of justice.

WHEREFORE, for the above reasons, the government respectfully requests that the Court grant defendant Bhaskar Savani's motion for continuance, that it exclude the intervening time under the Speedy Trial Act, and that it issue a new scheduling order.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Paul G. Shapiro*
ANTHONY D. SCICCHITANO
PAUL G. SHAPIRO
J. ANDREW JENEMANN
Assistant United States Attorneys

Date:   August 4, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion to Continue was served electronically via electronic mail upon counsel of record by the Court's ECF case filing system:

1. Ronald W. Chapman II, Esquire - Counsel for defendant Bhaskar Savani

2. Aaron Katz, Esquire - Counsel for defendant Arun Savani

3. John J. McMahon, Jr., Esquire - Counsel for defendant Niranjan Savani

4. Patrick J. Egan, Esquire - Counsel for Sunil Philip

5. Leigh Michael Skipper, Esquire - Counsel for Aleksandra Radomiak

6. Lawrence J. Bozzelli, Esquire - Counsel for Bharatkumar Parasana

7. Michael Brendan McCrossen, Esquire - Counsel for Hiteshkumar Goyani

*/s/ Paul G. Shapiro*
PAUL G. SHAPIRO
Assistant United States Attorney

Date: August 4, 2025