**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Docket No. 2:23-cr-00016** |
| | **:** | **HONORABLE JEFFREY L. SCHMEHL** |
| **ARUN SAVANI** *et al.* | **:** | |

## MOTION FOR A NEW TRIAL PURSUANT TO RULE 33

Arun Savani ("Arun") respectfully moves for a new trial pursuant to Rule 33.  A new trial is warranted to two reasons:

First, for the reasons explained in Arun's supplemental memorandum of law in support of his pending Rule 29 motion (also filed this evening), the evidence preponderates heavily against guilt.  Thus, even if the evidence was sufficient to satisfy the Rule 29 "no rational jury" standard, there is a significant risk that Arun was found guilty of counts on which he is truly innocent, and it would be a miscarriage of justice to allow the jury's verdicts on such counts to stand.  *See United States v. Silveus*, 542 F.3d 993, 1004-1005 (3d Cir. 2008).

Second, trial made clear that there was no meaningful connection between the alleged immigration fraud conduct and either the tax fraud, healthcare fraud, or money laundering conduct. The government used the RICO charge as the glue to bind the immigration fraud allegations together with the other allegations for Rule 8 purposes.  But because the evidence completely failed to show that the immigration fraud conduct was "related" to the other categories of alleged racketeering acts, *see, e.g.*, *HJ, Inc. v. Northwestern Bell*, 492 U.S. 229, 239 (1989), it was improper for the government to shoehorn the immigration fraud allegations into the same RICO conspiracy count as the healthcare fraud, money laundering, and tax fraud allegations.  Had the

1

government not done so, it could not have tried the immigration fraud allegations in the same trial as the tax fraud, healthcare fraud, and money laundering allegations.  Those four sets of allegations do not satisfy the requirements for joinder under either Rule 8(a) or Rule 8(b).  At a minimum, the government would have had to try Arun (and Bhaskar) on the immigration fraud allegations at a separate trial.

The immigration fraud allegations were incredibly inflammatory.  The government invoked images and rhetoric of human trafficking, arguing that Arun forced the spouses of certain H1-B visa holders to work for free in order to pay off the debts that Arun allegedly imposed illegally on the visa holders.  There is no doubt that these inflammatory allegations had a prejudicial spillover effect on Arun on the healthcare fraud, money laundering, and tax fraud counts.  A new trial is therefore warranted in the interests of justice.  *Cf. United States v. Lore*, 430 F.3d 190, 205-206 (3d Cir. 2005).

That the jury acquitted Arun on one immigration fraud count and one substantive healthcare fraud count does not demonstrate a lack of prejudicial spillover or that the jury was able to compartmentalize the evidence.  Instead, those acquittals simply reflected the overall weaknesses in the government's case against Arun, making it more likely that the prejudicial spillover from the immigration fraud allegations is what tipped the scales against Arun on the counts that resulted in guilty verdicts.

Respectfully submitted,

Dated: April 17, 2026

/s/ *Aaron M. Katz*
Aaron M. Katz
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, MA 02116
(617) 915-6305
akatz@aaronkatzlaw.com

## CERTIFICATE OF SERVICE

I did not serve a copy of this sworn declaration on opposing counsel and I ask that the Court keep it *ex parte*.

/s/ *Aaron M. Katz*

3